CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 6 2012

JULIA C. DUDLEY, CLERK
BY: _____
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES L. BARCLIFT,** | ) | **CASE NO. 7:12CV00042** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **MR. RAY HOWARD, ET AL.,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant(s).** | ) | |

James L. Barclift, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials are denying him specialized care for his heart problems. After careful review of his submissions, the court dismisses the complaint for failure to state a claim of constitutional significance.

### I

The relevant facts from Barclift's submissions are these. Barclift is currently incarcerated at Coffeewood Correctional Center, a Virginia Department of Corrections (VDOC) prison facility. Barclift has been complaining about pain near his heart since he first transferred to Coffeewood in August 2010. Three different prison doctors have treated Barclift during his stay at Coffeewood, and on one occasion, he had a telemed examination by a cardiologist. The medical staff at Coffeewood, however, has not conducted an MRI to assess Barclift's heart condition or sent him to a cardiologist's office for a physical examination. Barclift reported to staff that the pain is not going away, and sometimes his right arm goes numb for a few minutes at a time. Dr. Emran told Barclift he would have to wait to "fix" his heart until he completes the five years he has left to serve on his sentence. Nurse Wilcox told Barclift he would see a cardiologist in December 2011, but this was a "lie."

Barclift sues the Director of Health Services for the VDOC, a nurse, and a doctor at Coffeewood.  He seeks monetary and injunctive relief.  He demonstrates that he has exhausted administrative remedies at Coffeewood as to his desire to see an outside cardiologist.

II

The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988). Barclift challenges the course of medical treatment that prison medical staff has provided to him.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A constitutional violation in this context involves both an objective and a subjective component.  The objective component is met if the deprivation is "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The subjective component is met if a prison official is "deliberately indifferent," that is, if he "knows of and disregards an excessive risk to inmate health or safety" and responds unreasonably to the risk.  Farmer, 511 U.S. at 837.  A claim concerning a mere disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

2

Questions of medical judgment are not subject to judicial review under § 1983. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, medical malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Barclift fails to allege facts to show that any of the defendants knows about and has ignored any medical need Barclift has had. On the contrary, Barclift's own statements in his complaint and on the administrative remedy forms submitted with his complaint make it clear that the medical staff at Coffeewood has monitored Barclift's condition and provided medical assessment and treatment for his heart problems. His course of treatment has included, at a minimum: nitroglycerin pills and four other prescription medications; a stress test; a consultation with a cardiologist in October 2011 via video conferencing; and assessment by multiple staff doctors and nurses.

Barclift is dissatisfied with the care provided and believes Coffeewood staff should do an MRI and allow him to see the cardiologist more often and in person. Under § 1983, the court cannot question the propriety of the doctors' medical judgments about appropriate care for Barclift's problems. Russell, 528 F.2d at 319. The disagreement here between the medical staff and the patient over the appropriate course of treatment amounts to an allegation that the staff acted negligently in making treatment decisions, which is not sufficient to show the deliberate indifference necessary to state an Eighth Amendment claim cognizable under § 1983.[1] While the court is not unsympathetic to Barclift's concerns about his heart condition, the court must summarily dismiss the complaint, pursuant to § 1915A(b)(1), for failure to state any constitutional claim as necessary for him to proceed with this action under § 1983.

---

[1]   The court declines to exercise supplemental jurisdiction over any related state law claims, pursuant to 28 U.S.C. § 1367(c), and dismisses such claims without prejudice.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _23rd_ day of March, 2012.

_____

Chief United States District Judge